25116. HOLMES *et al. v.* BALDWIN, clerk, for use, etc.

STEPHENS, J. 1. On the trial of a suit against a discharged receiver, to recover on the receivership bond for his failure to account for property alleged to have come into his possession as receiver, where the evidence presented an issue as to what property came into his possession and what property he had accounted for, a charge of the court that the jury should subtract the sum found as accounted for by the receiver from the value of the property which had come into his possession, and return a verdict for the plaintiff for "the amount that you find," where the court immediately thereafter instructed the jury that if they should find that the receiver had accounted for all the property that had come into his possession the jury should find for the defendant, was not subject to the objection that the court, in instructing the jury that after finding what came into the possession of the receiver and subtracting therefrom what the receiver had accounted for they should return a verdict for the plaintiff in the amount so found, thereby expressed an opinion on the facts, to the effect that there was a difference favorable to the plaintiff between the value of the property which had come into the receiver's possession and the value of the property which he had accounted for. The court instructed the jury merely that the jury should bring in a verdict for the plaintiff for the difference between the two sums, but that if the receiver had "accounted for all such sums" the jury should find for the defendant. The jury necessarily understood from this charge that they should find for the plaintiff if there was a difference in the two sums, and should find for the defendant if there was no difference in the two sums.

2. Where the plaintiff by an amendment to the petition had given the defendant credit for the amount of a certain item of the property which it was alleged that the defendant had disposed of without accounting

therefor, and the court instructed the jury that they should consider the petition and the amendments thereto, and the answer of the defendant and the amendments thereto, in determining the issues in the case, and where the verdict was within the amount prayed for by the plaintiff after allowing the defendant credit as indicated, the court did not err in not charging the jury that they should give credit to the defendant for the item referred to.

3. The court did not err, in the absence of a special request, in failing to charge the jury that the burden of proof was upon the plaintiff.

4. It not appearing from the motion for new trial that certain statements made by the plaintiff's counsel in argument, to the effect that this is a case where a poor man with a house full of children has been run over by a whole family, were not inferences authorized by the evidence, there appears no error in the refusal of the judge, on objection by opposing counsel, to reprimand counsel making the statements, or in failing to instruct counsel to stay within the record.

5. No other assignments of error are insisted on. The verdict for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 18, 1936.

*W. A. Dampier, S. W. Sturgis,* for plaintiffs in error.
*Lester F. Watson, solicitor, Adams & Nelson,* contra.